Larry Bernard **FUGETT,** Dale Gardner Pollard, and Bobby Wayne Connally, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15244.

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1969.

Don Anderson, Public Defender, for plaintiffs in error.

Larry Fugett, pro se.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal by Larry Bernard Fugett, Dale Gardner Pollard and Bobby Wayne Connally from convictions in the District Court of Oklahoma County for the crime of Robbery with Firearms. Trial was had jointly to a jury which found defendants guilty and fixed punishment for Pollard and Fugett at 35 years, and for Connally at 25 years. Judgments and sentences were rendered accordingly.

The evidence adduced on the trial reveals that Coke Witt, a night clerk at the Wilshire Motel, testified that he was working there about 1:00 p. m. on July 30, 1968, and, answering a knock on the door, admitted a Negro man and woman who wanted to register. He identified Connally as the man. He testified two other Negro men, whom he could not identify, entered and said they wanted to register. He was then attacked and rendered semi-conscious but remembers seeing one person with a gun, then lost consciousness. He lost his watch, Barlow and billfold, and received head and facial injuries. He identified Exhibit 12 as his watch taken that night, Exhibit 1 as his billfold, Exhibit 2 as his keys, Exhibit 3 as his Barlow and Exhibit 4 as his car keys, all taken from him that night.

O. J. Miller, manager of the motel, was there that night and had retired, but was alerted by a loud noise sometime after midnight. He testified he heard a voice saying, "Oh. Oh. Oh," and "the licks of someone being beaten" and voices saying "where's the rest of the money?" He put on a robe and went to the outside of the glass-enclosed office where he could see one man standing over the prone figure of Witt and another man rifling the cash register. He identified them as two of the defendants on trial. Miller said he then saw a late model car almost at his back, a white over red Chevrolet or Olds, with a man and woman in it. He then called police. He identified Exhibit 6 as being various charge tickets and receipts from the motel cash register. Around $115.00 in cash and cash tickets were missing.

Officer Lovett, of the Oklahoma City Police Department, testified that he was on duty that night and received a radio report of a robbery and drove to the 4000 block of Northeast 23rd and parked to look for a late model white over red automobile. At 1:15 a. m. he saw such a car, an Olds, traveling west, which he followed, observing four people inside. He stopped the car for speeding and observed defendant Connally to be the driver. He requested Connally's drivers license and Connally said he had none. The officer then asked the other three for identification and was told they had none. He had the woman open her purse and inside it discovered a .38 caliber pistol.

Officer Norton, of the Oklahoma City Police Department, was with Officer Lovett that night and testified that at the time of the arrest he found Exhibit 1,

Witt's billfold, under the seat of the car and identified the three defendants as the men who were arrested. A large amount of loose bills was removed from Pollard's pocket.

Officer Hooten, of the Oklahoma City Police Department, testified that he removed Exhibit 12, Witt's watch, from the personal effects of defendant Fugett at the city jail.

Defendant Connally testified that on July 30th he had a date with Sherry Smith and they decided to go to a motel. Fugett asked him to pick up Pollard, whom he had not known before. Fugett asked to use the car while Connally and Sherry were at the motel, to which Connally agreed. They drove to the Wilshire Motel, where he parked and he and Sherry were admitted. As they were at the registry desk Fugett and Pollard entered with a gun, whereupon Connally and Sherry fled to the car. The two drove to the highway exit but could not continue because of traffic. While they were waiting Fugett and Pollard entered the car, whereupon he reproached them for involving him and Sherry in a robbery. They proceeded to Northeast 23rd Street where they were arrested. He denied any foreknowledge of the robbery.

Detective Liles, of the Oklahoma City Police Department, testified that on July 30th he, after warning defendant Connally of his rights against self-incrimination, asked Connally about the robbery and that Connally "stated that he and the girl went to a motel on the pretense of renting a room. That way they gained admission, because the door was kept locked. They talked to the gentleman at the desk and then decided on the pretense not to rent the room. As they left the door, the other two came in and robbed the man. * * * They drove—they met at some bar—* * * and planned this. They picked the girl up and they needed the girl to go in or they wouldn't be able to get into the motel"— "they" meaning the three defendants, Connally, Fugett and Pollard.

Connally admitted talking to Detective Liles, but testified that whatever he told Liles was said only to protect Sherry and in the hope of gaining some leniency. Neither defendant Fugett nor Pollard testified.

▬▬ At the outset of the trial, the Public Defender filed a Motion for Severance on behalf of the respective defendants, alleging in substance that he could not represent them all in a single trial since to do so would place him in a position of representing clients with conflicting interests. This Motion was overruled and during the course of the trial, defendant Connally's confession was admitted and it implicated his co-defendants Pollard and Fugett. After the admission of this confession, the Public Defender was placed in a position of electing which of the three defendants to give effective representation and when he placed defendant Connally on the witness stand, it became readily apparent that he had elected to represent Connally. Having placed Connally on the stand in an attempt to explain away the confession previously admitted into evidence, and attempting to portray Connally as an innocent bystander and Fugett and Pollard as the actual robbers, the Public Defender was placed in a position with irreconcilable conflicts of interest and Pollard and Fugett were as effectively deprived of the right to be represented by counsel and to cross-examine the co-defendant Connally as they would have been had no counsel been appointed to represent them at all.[1] Clearly, this is a case where the trial court erred in refusing to grant the requested severance and compounded this error by his failure to appoint

[1]. The right to be represented by counsel, to be confronted with the witnesses against them, and to cross-examine witnesses, as guaranteed by the United States Constitution, is made obligatory upon the states in Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and cases cited therein.

additional counsel to represent defendants Pollard and Fugett.[2]

 We also observe that although the court attempted to limit the jury in their consideration of the Connally confession implicating Pollard and Fugett, the admission of said confession, standing alone, was so prejudicial to the rights of Pollard and Fugett as to require reversal of their convictions. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, it does appear that defendant Connally, although convicted by the jury, was adequately and effectively represented by the Public Defender and that the evidence, although conflicting, amply supports the verdict of the jury finding him guilty. In the instant case, however, as in Williams v. State, Okl.Cr., 461 P.2d 997. (Rehearing denied November 14, 1969), the trial court erred in instructing the jury, over the objection of counsel, in the second stage of the two-stage proceeding, after the defendant had been found guilty, as to good time credits, etc., under the provisions of 57 O.S. § 138, and it is this error which requires a modification of the judgment and sentence. We are of the opinion, and therefore hold, that the judgment and sentence rendered in the District Court of Oklahoma County, Case No. 34768 be, and the same is hereby, modified from a term of twenty-five (25) years imprisonment in the state penitentiary, to a term of twenty (20) years imprisonment, and as so modified, the judgment and sentence rendered against defendant Bobby Wayne Connally, is affirmed.

For the reasons heretofore set forth, the judgments and sentences rendered against Larry Bernard Fugett and Dale Gardner Pollard in the District Court of Oklahoma County, Case No. 34768, are reversed and remanded for a new trial.

BRETT, P. J., and NIX, J., concur.

---

2. Had the trial judge been advised by the prosecution that they intended to introduce the confession of one of the defendants, undoubtedly he would have granted the requested severance. In all future cases, the District Attorney should advise the trial court of his intention to seek to introduce such confession in order that the judge be given an opportunity to make a correct ruling on the request for severance.