**Leon Daniel WEST, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15582.**

Court of Criminal Appeals of Oklahoma.
April 21, 1971.

Don Anderson, Public Defender for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Leon Daniel West, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Oklahoma County of the offense of Burglary in the Second Degree After Former Conviction of a Felony; his punishment was fixed at ten (10) years imprisonment, and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that Gary Lynn Smith lived at 1209 N.W. 6th Street in Oklahoma City on April 9, 1969. He testified that he parked his car in his driveway that evening after locking it. He was awakened about 11:30 by a neighbor, Henry Williams, who was on Smith's front porch with a person Smith identified as defendant. Williams, in defendant's presence, told Smith that defendant was in Smith's car, to which defendant replied that he thought the car was for sale. Smith noticed that the wing window on the right side of the car was broken and the ignition had been "popped off." Calling the police was mentioned and defendant ran.

Henry Williams testified that he was Smith's next door neighbor and arrived home from work about 11:00 P.M. on April 9, 1969, and saw someone in Smith's car, illuminated by William's headlights. He awakened Smith and defendant came up on the porch. Williams testified that defendant ran after mention was made of calling the police.

Officer Vernon of the Oklahoma City Police Department, investigated the incident and testified that he saw the broken window on Smith's car and the broken ignition switch.

Officer Jackson of the Oklahoma City Police Department, testified that he arrested defendant on April 14, 1969.

Defendant testified that he lived within a block of Smith and had talked to him about buying Smith's car that afternoon. Defendant was with some friends the evening of April 9th and one friend, who lived next door to Smith gave defendant a ride home, letting him out at 1209 N.W. 6th Street. Defendant was on the sidewalk when Williams saw him and asked what defendant was doing "messing around with the car" whereupon defendant replied he would talk to Smith if Williams thought defendant was doing anything wrong. "I told him I would be glad to clear myself." Defendant denied touching the car that night and denied opening the door or entering the car. Defendant said he ran because he was on a suspended sentence and, having been drinking, was afraid that his suspended sentence would be revoked.

Williams testified on rebuttal that when he drove home that night he saw defendant inside Smith's car and that as the lights shone on the car defendant "laid over in the seat."

Smith testified in rebuttal that he had seen defendant the afternoon of April 9th about 5:30 in company with Smith's next door neighbor. Smith was working on his car at the time and that was discussed, but Smith denied any conversation about selling the car to defendant. He conceded that defendant might have asked if the car were for sale.

■ The first proposition alleges that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could rea-

sonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

 The last proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum allowed by law.

The record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the Judgment and Sentence should be and the same is hereby affirmed.

NIX and BRETT, JJ., concur.