Mike Daniel JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16709.

Court of Criminal Appeals of Oklahoma.

June 30, 1971.

Reid K. Mayfield, Atoka, court-appointed, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Mike Daniel Johnson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Atoka County for the crime of Escaping from a State Prison, and from the judgment and sentence rendered against him as-

sessing his punishment at two years imprisonment in the state penitentiary, he appeals.

We deem it unnecessary to set forth the facts since proof of defendant's guilt is overwhelming. The single assignment of error is that the trial court erred in permitting a witness, not endorsed on the Information, to testify over the objection of the defendant. The witness whose testimony is complained of, was the assistant record clerk and his testimony was offered by the State when the chief record clerk was unable to attend the trial. When defendant objected to this testimony, the prosecuting attorney advised the court that the chief record clerk was unable to attend and this witness was also custodian of the records which were to be presented establishing that the defendant was incarcerated under a valid judgment and sentence. The trial court overruled the objection and allowed the witness to testify.

The action of the trial court in permitting the witness, not endorsed, to testify constituted a granting of an oral application to orally endorse this witness, and would fall within the exercise of discretional power. In Songer v. State, Okl.Cr., 464 P.2d 763, we quoted with approval Paschall v. State, 96 Okl.Cr. 198, 252 P.2d 175, in which this Court held:

"If defendant's counsel is surprised at such action and such endorsement of an additional witness requires a production of further testimony by defendant, he should withdraw his announcement of ready for trial and should file a motion for a postponement or a continuance in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case was continued. Where he fails to do this the error, if any, is waived."

In the instant case no attempt was made to withdraw the announcement of ready for trial, nor was an application for continuance sought. Indeed, it is read-

ily apparent that defendant and his counsel were familiar with the testimony of the endorsed chief record clerk who could not attend the trial, and in the light of the announcement by the prosecuting attorney that said witness could not attend trial, they could not have been surprised by the action of the trial court in permitting the assistant clerk to testify to the same thing that the endorsed witness would have testified to had he been in attendance.

We are of the opinion, and therefore hold, that the error, if any, in permitting this witness to testify was waived when the defendant failed to withdraw his announcement of ready and seek a continuance. Moreover, we observe that the defendant could not have been surprised and prejudiced by the actions of the trial judge. We have repeatedly held that it is not error alone that requires reversal, but error with injury, and if no injury results from an alleged error, then said error cannot form the basis for reversal.

For all of the foregoing reasons, the judgment and sentence appealed from is affirmed.

NIX and BRETT, JJ., concur.