Jimmie Lynn **FERGUSON**, and Roy Lynn Alley, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16640.

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1971.

Rehearing Denied Oct. 21, 1971.

Jack N. Shears, Leonard G. Geb, Ponca City, for plaintiffs in error.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Jimmie Lynn Ferguson and Roy Lynn Alley, hereinafter referred to as defendant Ferguson and defendant Alley, were charged by Information in the District Court of Kay County with the offense for Assault with a Dangerous Weapon. Defendant Ferguson was convicted for the offense of Assault with a Dangerous Weapon, and his punishment was fixed at two years imprisonment; defendant Alley was convicted for the offense of Assault, and his punishment was fixed at 30 days in the county jail, and a fine of $100.00.

From said judgments and sentences, a timely appeal has been perfected to this Court.

At the trial, Daryl Townley testified that on May 25, 1970, he was in his home watching television and heard a noise on his front porch. He went outside to investigate and noticed his porch light bulb had been removed. He observed the defendant Ferguson, leaning against his car. He did not know defendant Ferguson. He asked defendant Ferguson for his light bulb, wherein defendant Ferguson threatened and pulled an open knife from inside his trousers and lunged at him. At the same time, defendant Alley approached Townley from the side, swinging what appeared to be a leather belt, or strap. Townley told his wife to lock the door and call the police, and he ran from the porch into the street.

Defendant Alley stayed on the porch while defendant Ferguson followed him partially into the street, then both defendants fled. Later, police officers apprehended the defendants and Townley identified them.

Kenneth Robison testified that on the night of May 25, 1970, the defendants came to his home; he was acquainted with defendant Alley and defendant Alley came into the house, stating, "The police are after me; let me in." Defendant Ferguson did not come into the house, but upon seeing a car approach, said, "There they are now," and ran behind the house. Subsequently, the police officers came to his house and arrested defendant Alley.

Wallace Hasty testified that he was an officer with the Ponca City Police Department, and that on May 25, 1970, he received a disturbance call to check at the Townley residence. Upon arriving, he was given a description by Mrs. Townley of the defendants, and later arrested both the defendants. The defendants were searched, and the knife was found on the person of the defendant Ferguson. Said knife was identified and introduced and received into evidence. He testified that both the de-

fendants were intoxicated, and that defendant Alley had a belt on when he was arrested, but it was not taken from him.

Defendant Alley testified that he had previously had a colostomy operation in September of 1967, and was unable to wear a belt, and was not wearing a belt on May 25, 1970. On that night, he and defendant Ferguson had been drinking at a friend's house; they left there on foot en route to another friend's house, and passed the Townley home. Defendant Ferguson went up on the Townley porch and removed the light bulb. Mr. Townley came out, defendant Alley denied having the light bulb, and they stated they would leave. Defendant Ferguson took a step toward Townley, and defendant Alley grabbed defendant Ferguson. Townley ran, and both defendants ran to the Robison house where they were arrested. He denied having a belt or threatening Townley and stated that Ferguson was drunk, and that he did not see a knife in his hand.

Marjorie Alley, defendant Alley's mother, testified that her son had had surgery and was unable to wear a belt.

Mrs. Townley was called as a rebuttal witness, and testified to essentially the same facts as related by her husband. She additionally stated that defendant Alley, "rattled the door and tried to get in," after her husband had run off the porch, with defendant Ferguson chasing him.

Defendant Alley testified in surrebuttal that he did not rattle the door of the Townley home, and that he did not get on the front porch at any time.

The first proposition asserts that the trial court abused its discretion in refusing a severance for trial when requested by defendants. Defendants both argue that they were prejudiced by the trial court's failure to grant a severance. Title 22 O.S.1970, § 439, states:

"If it appears that a defendant or the State is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court shall order an election

or separate trial of counts, grant a severance of defendants, or provide whatever other relief justice requires."

The defendant cited authority Fugett v. State, Okl.Cr., 461 P.2d 1002. We have examined *Fugett, supra,* and find it distinguishable from the case at bar. In *Fugett, supra,* three defendants were charged with the crime for Robbery with Firearms and jointly tried. All three were represented by the same public defender. One defendant gave a confession that was introduced into evidence and it implicated his co-defendants; he then took the witness stand and attempted to portray himself as an innocent bystander, and his co-defendants as the actual robbers.

In the instant case, an attorney of their own choice defended the defendants; no confession was given; the defendant that took the stand denied that either he or his co-defendant, Ferguson, brandished a dangerous weapon (knife or belt) at the victim. Defendant Alley did not implicate his co-defendant, nor attempt to establish defendant Ferguson's guilt in order to portray his own innocence.

■ It is the general rule that the granting of a severance is discretionary with the trial court, and that the Court of Criminal Appeals will not disturb the trial court's ruling, absent a showing that prejudice resulted therefrom.

■ We are of the opinion that the trial court acted well, within its discretion in refusing a severance, and further, that the defendants were not prejudiced thereby.

The final proposition contends that the court erred in failing to grant defendants' request for continuance, when a State's witness was not properly endorsed on the Information. Defendants timely objected at the trial to the testimony of the witness, Kenneth Robison, for the reason that the witness' name was not endorsed on the defendants' copy of the Information. Prior to allowing the testimony of Robison, the trial court ascertained that Robison's name was endorsed on the original Information filed in the case. The court further ascertained that the witness Robison testified at the Preliminary Hearing and was cross-examined by the defendant. The District Attorney stated that the witness Robison was endorsed in open court at the Preliminary Hearing, and the trial court accepted this, stating at Page 63 of the Transcript:

"BY THE COURT: I have the Information before me and there is an endorsement on it. It got on here either through fraudulent means or through authority of Judge Trapp, and unless you— the burden is upon the person who is objected to show if there is any fraud or failure to do it in a proper way—" (Tr. 63–64)

■ We have consistently held that a Motion for Continuance is directed to the sound judicial discretion of the trial court, and this Court will not disturb the trial court's ruling, unless they manifest abuse of discretion. Harrison v. State, Okl.Cr., 461 P.2d 1007.

■ We are of the opinion that the trial court's refusal of the Motion for Continuance was not an abuse of discretion, in that defendant had knowledge of the witness' testimony, and had, in fact, cross-examined the witness at the Preliminary Hearing. See the recent case of *Johnson v. State,* Okl.Cr., 487 P.2d 362. The judgments and sentences are accordingly affirmed.

NIX and BRETT, JJ., concur.