Ronnie Lee CLARK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18128.

Court of Criminal Appeals of Oklahoma.

May 8, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Ronnie Lee Clark, Mosley Lee Allen, Jr., and Conway Jmill Hubbard, hereinafter referred to as defendants, were charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Burglary Second Degree, After Former Conviction of a Felony. The trial of all defendants was had jointly to a jury which fixed their punishment as follows: Clark, ten (10) years; Allen, ten (10) years; and Hubbard, twelve (12) years. From said judgments and sentences, a timely appeal has been perfected to this Court.

At the trial Willie Mae Wooten testified that on May 12, 1972, she lived at Route 1, Box 360, Spencer, Oklahoma, and that she left for work at approximately 7:00 a. m. on that date after locking her house. Upon returning from work at approximate-

ly 5:00 p. m. she observed that the glass in her bathroom window was broken and the bathroom curtain and some blood were on the bathroom floor. Upon further inspection of her house, she discovered that her portable black and white television set was missing as well as a pink hand towel fram the bathroom. Thereafter, she immediately reported the burglary to the Oklahoma City Police Department. She further testified that she had given no one permission to enter her house or remove her television set. Witness Wooten then identified State's Exhibit No. 1 as the television set which was taken from her home.

Frances Williams next testified that on May 12, 1972, she lived in Spencer, Oklahoma, at 4417 N. Diane, behind which was Mrs. Wooten's house. Mrs. Williams testified that on the day in question she was home and at approximately 2:00 or 3:00 defendant Allen arrived with defendants Hubbard and Clark in a beige or gray Volkswagon with Hubbard driving. The witness then identified the three defendants as being the persons who had arrived in the Volkswagon. She further testified that defendant Allen came to her door and asked if her husband was home, then stated he wanted to go into her backyard. Thereafter, all three defendants then went into the back of her house. Approximately fifteen or twenty minutes later the three defendants returned and defendant Allen asked her for a sheet, which she refused. She observed that his arm was cut and asked how it happened. He stated that he cut it on her fence and she told him she didn't have a fence out back. She asked where Conway and Ronnie were and defendant Allen stated that Hubbard was "in the backyard with the merchandise." She observed that defendant Allen had a little towel around his cut arm. She asked what the merchandise was and instead of answering, they asked if they could bring it through the yard. She told them they could not and told them to move the car from in front of her house. Thereafter, she saw the three defendants bring a large brown square box covered with an old rag

through her yard. They placed the box in the backseat of the Volkswagon and Clark got in the backseat with it and they drove away.

Enox Ables testified that he was employed by the Oklahoma City Police Department on May 12, 1972. At approximately 5:15 p. m. on that day, he investigated Mrs. Wooten's burglary and noticed her bathroom window was broken and that blood was around the bathroom window and on the floor. He talked to Mrs. Williams and obtained names of the three defendants as suspects and their car description. Ables had noticed a car fitting this description and three Negro males standing beside the car at N.E. 36th and Anderson Road with a flat tire on his way to investigate the burglary. Upon returning, no one was there and Ables called for police assistance. While returning to the burglary scene, he heard a radio report and returned to the car with a flat tire where he found the three defendants. Allen had a cut on his right arm.

Donald J. Miller next testified for the State that on May 12, 1972, he was employed as a mechanic at Strawn's Automotive and at approximately 4:00 or 5:00 p. m. on that date two men came to the station and sold him a television set for twenty-seven ($27.00) dollars. Later that evening he resold the set for the same price. The two men were driving an old gray Volkswagon. Witness Miller further testified that State's Exhibit No. 1 was similar to the television that he had purchased from the two men, which he later had sold and then recovered and turned over to the police.

James O. Parsons testified that on May 13, 1972, he was employed with the Oklahoma City Police Department as a detective with the Stolen Goods Division and on that date he made a follow-up investigation of this case. He first went to the Oklahoma City jail where he interviewed defendant Allen, whom he identified in the courtroom. He advised defendant Allen of his constitutional rights from a waiver of rights form, which defendant Allen signed.

Defendant Allen then related to Officer Parsons that he and defendants Hubbard and Clark went to the residence of Frances Williams where he told her they were going through her yard to get something. They went to the Wooten's residence where he broke the bathroom glass window out and in doing so, cut his arm. He and Hubbard went inside the residence, took the television set, then returned to the residence of Frances Williams where they placed the television in the Volkswagon and left. They then went to his sister's apartment where he remained until Clark and Hubbard returned saying they had sold the television set for twenty ($20.00) dollars. Upon leaving his sister's apartment, they had a flat tire and were arrested by police officers upon return from repairing the tire. Officer Parsons further testified that he interrogated defendant Clark after giving him his Miranda warnings and defendant Clark gave an oral and written confession substantially the same as defendant Allen's confession. Officer Parsons then identified State's Exhibit No. 1 as the television set which witness Miller delivered to the Police Department.

Police Officers Handke, Kettler and Swindler testified as to the chain of custody of State's Exhibit No. 1.

None of the defendants took the stand or offered any evidence in their behalf.

■ The defendants' first proposition asserts that there was not sufficient evidence on which the jury could reasonably conclude that the defendants were guilty as charged. We do not agree. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See West v. State, Okl.Cr., 484 P.2d 538 (1971).

■ The defendants' second proposition contends that the punishment is excessive. Suffice it to say that the punishment received by defendants Clark and Allen is the minimum allowed by law and as this cause must be reversed as to defendant Hubbard, we need not comment as to the punishment he received.

■ Defendants' final proposition asserts that accusatory hearsay was improperly admitted. Counsel for the defendants contends that the trial court erred in admitting in evidence the confessions of both Allen and Clark. In each of the statements, the confessor implicates himself as well as his co-defendants. Defense counsel contends a violation of the right to confrontation guaranteed by the Sixth Amendment to the United States Constitution and the Oklahoma Constitution, Article 2, Section 20.

Counsel contentions in this regard is predicated upon the case of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) which holds that where two or more defendants are tried jointly, and the confessing defendant does not take the witness stand, the introduction of his confession into evidence, together with the portions thereof in which he implicates his co-defendants, may violate the co-defendants right of cross-examination. The record reveals that the statements of both Allen and Clark were substantially the same. The defense attorney admits that on the basis of Gregor and Turner v. State, Okl.Cr., 505 P.2d 519 (1973) any error as to defendants Allen and Clark would be harmless. We agree.

■ However, as to defendant Hubbard, who gave no statement to the police officer, we believe it was error for the trial court to admit in evidence the co-defendants confessions. In the case of Fugett v. State, Okl.Cr., 461 P.2d 1002 (1969) this Court held in Syllabus 1:

"In a trial where several defendants are jointly prosecuted, it is error to admit the confession of one of the co-defend-

ants, made outside the presence of the others, implicating them, and such error is not cured by the court's instruction that the confession should be considered only in determining the confessor's guilt and not considered as to the others."

Also see Phillips v. State, Okl.Cr., 330 P.2d 209 (1958) and Bruton v. United States, supra.

 The record reveals that the defense counsel for Hubbard upon finding out that the district attorney was going to introduce the confessions by the co-defendants moved for a mistrial and asked for a severance for his client. We believe this motion should have been sustained and the severance as to defendant Hubbard should have been granted.

For the reasons heretofore set forth, the judgments and sentences rendered against Ronnie Lee Clark and Mosley Lee Allen, Jr., are affirmed. The judgment and sentence rendered against Conway Jmill Hubbard is accordingly reversed and remanded for a new trial.

BUSSEY and BRETT, JJ., concur.