**Carolyn Rose MONROE and Bobby Joe West, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–22.**

Court of Criminal Appeals of Oklahoma.

July 2, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellants.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Carolyn Rose Monroe and Bobby Joe West, appellants, hereinafter referred to as defendants, were charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–1375, for the offense of Robbery in the First Degree, their punishment was fixed at eighteen (18) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Robert Brooks testified that on June 5, 1972, he was employed as the night manager of the U-Tote-Um Grocery Store at 4141 Northwest 10th in Oklahoma City; that at approximately 12:12 a.m. a woman, whom he identified in court as the defendant Monroe, entered holding a bag in her left hand with her right hand inside the bag. She told him to give her all of his money or he would be shot. He placed the bills on the counter and she picked them up. She ordered him to lay face-down behind the counter. When he heard the door close, he jumped up and ran outside observing a speeding automobile and encountered one Carl Holtberg. The two of them gave the police a. description of the woman, the car and the tag number.

Carl Holtberg testified that he was eighteen years old and lived approximately ten blocks from the U-Tote-Um Store. He was across the street from the store in the early morning hours of June 5 and observed a blue Ford station wagon moving forward and backward at the west side of the store. A woman, whom he identified in court as defendant Monroe, ran from the store, got in the car, which was driven by a male, and left the scene at a fast rate. He obtained the tag number of the car and later gave the information to the police officers.

Officer Lira testified that he investigated the robbery and after interviewing the witnesses, broadcast descriptions of the woman, the car and the tag number.

Officer Taylor testified that he received a report of the robbery about 12:15 a.m. on the morning in question. At approximately 1:45 a.m. he observed the vehicle fitting the description at a Little Jim's Grocery. He parked across the street from the grocery to verify the tag number. A woman, whom he identified in court as defendant Monroe, emerged from the car and started towards the store. When she got about half way to the store, she looked toward the police car and started back towards her car. He pulled his police unit across the street and placed defendant Monroe and defendant West, who was driving the car, under arrest. Defendant Monroe attempt'

ed to place some money in the front of her blouse. Found under the driver's seat of the vehicle was $52 in bills.

Detective Snipes testified that on June 5, 1972, he interrogated each defendant separately in the Oklahoma City Jail, first giving the Miranda warnings. Defendant Monroe stated that she had been with defendant West that evening drinking at the Spark Plug Lounge and the Cross Tracks Bar. She denied being at the U-Tote-Um Store at 10th and Vermont. Defendant West stated that he and defendant Monroe had been at the Spark Plug and Cross Tracks lounges and at closing time, they went to the U-Tote-Um Store at 10th and Vermont where defendant Monroe went in to buy cigarettes. After leaving the U-Tote-Um Store they went to an all-night store at 29th and South May to buy some beer where they were arrested. Defendant West stated he did not know if she had robbed the store and did not remember if she had come out with any cigarettes. Defendants did not testify nor was any evidence offered in their behalf.

■ The first proposition asserts that the verdict is not supported by the evidence. In Bryant v. State, Okl.Cr., 434 P.2d 498, we stated:

"It is a well established rule that this Court will not reverse a case for insufficiency of the evidence where there is any substantial evidence upon which a reasonable and logical inference of guilty could be predicated.

"Certainly, an eye-witness identification of the defendant, along with other circumstantial evidence, is sufficient."

■ The second proposition contends that the punishment is excessive. Suffice it to say from the foregoing statement of facts that punishment imposed does not shock the conscience of this Court.

■ The final proposition asserts that accusatory hearsay was admitted against defendant Monroe. This proposition is well taken. Prior to the trial a motion for severance was requested and denied by the trial court. In dealing with a similar proposition in the recent case of Clark v. State, Okl.Cr., 509 P.2d 1398 we stated:

"However, as to defendant Hubbard, who gave no statement to the police officer, we believe it was error for the trial court to admit in evidence the co-defendants confessions. In the case of Fugett v. State, Okl.Cr., 461 P.2d 1002 (1969) this Court held in Syllabus 1:

'In a trial where several defendants are jointly prosecuted, it is error to admit the confession of one of the co-defendants, made outside the presence of the others, implicating them, and such error is not cured by the court's instruction that the confession should be considered only in determining the confessor's guilt and not considered as to the others.'

"Also see Phillips v. State, Okl.Cr., 330 P.2d 209 (1958) and Bruton v. United States, supra, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

"The record reveals that the defense counsel for Hubbard upon finding out that the district attorney was going to introduce the confessions by the co-defendants moved for a mistrial and asked for a severance for his client. We believe this motion should have been sustained and the severance as to defendant Hubbard should have been granted."

For the reasons heretofore set forth, the judgment and sentence rendered against defendant West is affirmed. The judgment and sentence rendered against defendant Monroe is accordingly reversed and remanded for a new trial.

BLISS, P. J., and BRETT, J., concur.