**Raymond HARRIS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F-73-212.**

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1974.

Jo-Ann Fisher Corrigan, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., M. Joe Crosthwait, Jr., Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Raymond Harris, hereinafter referred to as defendant, was tried jointly with Alfonso Wright and Sam Eugene Manous in the District Court, Oklahoma County, Case No. CRF-72-1404, for the offense of Rape in the First Degree. His punishment was fixed at fifty-five (55) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated the facts are that on June 7, 1972, Orfa M. Lessley, a forty-three year old Putnam City High School teacher, and a friend, Paul Kirby, had dinner to-

gether at approximately 10:30 p. m. on this date and then went for a drive. They parked their car at a spot of the road near Interstate 35, visited and listened to the car radio. A black person approached the passenger side of the automobile, jerked the door open and pulled Orfa Lessley out of the car. Another black man ordered Mr. Kirby out of the car on the driver's side. Two other black men appeared and the four black men dragged Orfa Lessley to a grassy area where she was raped by each. She was later forced into the rear seat of a car and taken to another location where she was raped again by three of the black men, after which they departed from the scene. She later was able to find help at a nearby residence and was later taken to Mercy Hospital and treated for a broken nose, wrist and torn vagina.

Paul Kirby was beaten on the head with a blunt object and lost consciousness. When he regained consciousness, he was nude and no one was around. He found a bra belonging to Orfa Lessley and used it to wipe blood from his eyes. He also found her panties, put them on and flagged a car down which took him to a filling station where he called the police. He was later taken to the hospital and treated for a laceration on his head.

Defendant did not take the stand.

For a complete summary of the facts, see Wright and Manous v. State, Okl.Cr., 513 P.2d 1304 (1973).

The defendant's sole proposition asserts that the trial court admitted accusatory hearsay evidence as to him and thus violated the rule as set out in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 and Clark v. State, Okl.Cr., 509 P.2d 1398 (1973). We do not agree.

█ In the instant case the record reveals that the co-defendants Wright and Manous both made confessions implicating the defendant. These confessions were ad-

mitted into evidence. The record further reveals that both co-defendants Wright and Manous took the stand and the defendant was afforded ample opportunity to cross-examine these witnesses.

It is therefore our opinion that the rule set forth in *Bruton,* supra, does not apply to the instant case as *Bruton,* supra, stands for the proposition that if a co-defendant's confession which implicates a defendant is admitted into evidence at the trial and the confession defendant does not take the stand, then the implicated defendant has been denied his right to cross-examination secured by the confirmation clause of the Sixth Amendment.

█ Further, in the instant case, we find that the overwhelming weight of the evidence points to the defendant's guilt to-wit:

Orfa Lessley positively identified the defendant;

A fingerprint of the defendant was found on the automobile where the prosecuting witness was seated at the time of the assault;

A car title registered in the defendant's name was found at the scene of the second assault;

The bloody shirt was found after a search of the defendant's residence; and,

The keys to witness Kirby's automobile were found in defendant's automobile.

Therefore, even if the rule set forth in *Bruton*, supra, did apply and had been violated, it would be harmless error. See Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). Accordingly, it is our opinion that this cause should be, and the same is hereby, affirmed.

BLISS, J., concurs.

BRETT, J., concurs in results.