Robert Paul **HUDSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–175.

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1974.

Harrell F. Followell, Poteau, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, LeFlore County, Case No. CRF–73–69, appellant, Robert Paul Hudson, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Second Degree Burglary, After Former Conviction of a Felony. His punishment was fixed at ten (10) years' imprisonment. From said judgment and sentence he has perfected his timely appeal to this Court.

The evidence adduced from the testimony of Doyle Shepard reveals that on June 4, 1973, he made a routine visit of a laundromat which he owned in Poteau, LeFlore County, Oklahoma. Upon entering the laundromat he observed co-defendant James Hudson, brother of defendant, and co-defendant John Willie standing near washer No. 14. He observed defendant standing in the rear area of the laundromat next to washer No. 19. Simultaneously, he observed co-defendant Willie

replacing a money box in one of the washers. Inserted in the box was a vending machine key. In response to questions by Shepard, defendant denied they were taking Shepard's money and the trio left the laundromat. Shepard walked outside the laundromat and instructed his brother-in-law, who was accompanying him at this time, to obtain the tag number of the vehicle in which the trio left the premises. Shepard followed the vehicle for a short distance until he met police officers. He informed the officers of what had transpired and they took pursuit of defendants. Later Shepard returned to the laundromat with Police Officer Bob Caro and checked the washers to determine if any money had been taken. Shepard identified eleven (11) washers by serial number and testified he had observed them in use prior to observing defendants in his laundry and that the money boxes in these washers were empty on inspection. Shepard further stated an average day for each one of the washers was approximately two dollars.

Officer Bob Caro testified that on the above mentioned date he was riding in a patrol car with other officers when they were stopped by Shepard and relayed the above information. He testified they pursued a green Chrysler, the car described by Shepard as the car the trio entered, proceeding south on McKenna. They pursued the vehicle at a high rate of speed and approximately four miles from Poteau stopped the vehicle and arrested the occupants. He stated defendant was seated on the passenger side of the vehicle. He finally related those facts testified to by Shepard regarding the money missing for the above described washers.

Officer Gerald Willingham testified relating the details of pursuit of the above described vehicle, described by Officer Caro and further related that upon stopping the vehicle they searched defendants and placed them in the patrol car. In the front seat of the vehicle was a cigar box which contained some loose change, loose change laying in the seat of the car, and

some material from which coin rolls are made. He related that the sum of Twenty-three dollars and fifty-four cents ($23.-54) was found in this area. He further related a bag of dimes, quarters and nickels was also found which contained the sum of Seven dollars and six cents ($7.06). Finally he stated a vending machine key was also found in the floor area of the vehicle. Defendant had on his person Two Hundred Twenty-four dollars ($224.00) in bills in denominations of tens, twentys and ones.

Officer W. R. Potter of the Poteau Police Department testified substantially as Officers Willingham and Caro, further establishing the chain of custody of State's Exhibits.

Thereafter, the State rested.

On behalf of the defense Phyllis Brown testified that on June 2, 1973, she accompanied defendant. She further related the defendant was a gambler and it was not unusual for him to have a large amount of change in his possession.

Calvin Hudson, defendant's father, testified that the defendant was known to play poker frequently, he was employed as a truck driver, and earned approximately Five Hundred dollars per month in this occupation.

Defendant testified on the evening of June 2, he and Phyllis Brown drove about the community and then proceeded to a poker game with his father and other players. They drank heavily on that evening and on that same evening he used a cigar box for a bank. On the following morning, Sunday, June 3, he took Brown home and continued drinking throughout the day. He met his brother at Broken Bow, Oklahoma. That night he stayed with his brother James at James' apartment and on Monday, June 4, drove to Poteau with James. They stopped at the above laundromat to get a coke. While he was washing his hands and face in the laundromat, he observed Shepard enter the laundry and talk with his brother. He testified the key was his key as he used to be employed by a

vending company and further related the money contained in the cigar box in the bag was money he had obtained from the poker game.

Thereafter the defense rested.

 Defendant, in his first proposition, argues the case of Fugett v. State, Okl.Cr., 461 P.2d 1002 (1969) asserting he was prejudiced for the reason the trial court did not grant a severance and try separately each of the co-defendants. We find this argument to be without merit. A study of the facts indicates the defendant was the only party to this offense who testified at the trial. The co-defendants did not testify in asserting their innocence and inculpating him. Further, all the evidence adduced at the trial would have been admissible against him independently had he been tried separately from the other defendants. It is this Court's opinion that the trial court did not abuse its discretion in denying a severance under authority of 22 O.S.1971, § 439. We therefore find this proposition to be without merit. See Ferguson v. State, Okl.Cr., 489 P.2d 523 (1971).

 In defense counsel's second and third propositions he argues that the evidence is insufficient to show complicity of defendant and further that the evidence is insufficient to prove a prima facie case of Burglary in the Second Degree. Title 21 O.S.1971, § 1435 in pertinent part states as follows:

". . . or breaks into or forcibly opens, any coin operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree."

The circumstantial evidence in the instant case is sufficient to show that individual vending machines, identified by serial number, had been unlawfully entered. Although no pry marks were shown on the machine, the direct and circumstantial evidence indicates unauthorized entry was made by use of a vending machine key. We also find this evidence is sufficient to

place within the province of the jury a determination of whether those individual machines had been unlawfully entered. Regarding the evidence surrounding defendant's participation in the offense, we find the circumstantial evidence to be sufficient to place within the province of the jury the question of whether or not he was an active participant or merely a bystander. It is within the jury's province to weigh the facts and determine the guilt or innocence of the accused even though there is a conflict in the evidence. There is competent evidence in the record to support the jury's findings and, consequently, we will not disturb their verdict on appeal. See Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

We therefore find these propositions to be without merit.

BRETT and BUSSEY, JJ., concur.