Elmer Thomas CARNEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13467.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1965.

Elliot Howe, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for defendant in error.

BRETT, Judge:

Elmer Thomas Carney was convicted in the district court of Tulsa County on a charge of leaving the scene of an accident (personal injury), after former conviction of a felony; and was sentenced to eighteen months in the state penitentiary. Appeal has been perfected to this court.

Elmer Thomas Carney, a 25-year-old full-blood restricted Choctaw Indian, hereinafter referred to as defendant, was driving to the home of his sister in Tulsa, Oklahoma, about 9:30 in the morning of Sunday, July 12, 1963, when he struck Nevada Hartshorne, a pedestrian, who was on her way to Church, causing her death.

In his statement of this case in his brief, counsel states that defendant was charged by preliminary information filed in the court of common pleas of Tulsa County with leaving the scene of an accident (personal injury) and at the same time was charged with first degree manslaughter. That after defendant's application for reduction of bonds, "the state dismissed said charges, and filed an amended information, alleging 'after former conviction of a felony'. At the preliminary hearing a demurrer was sustained to the first degree manslaughter after former conviction of a felony, and defendant was brought over for trial to the district court of said county on the charge of leaving the scene of an accident, after former conviction of a felony."

None of these proceedings are shown by the case made before us, which is properly certified as being full and complete. The information shown charges the defendant with "leaving the scene of an accident

(personal injury) after former conviction of a felony" but does not indicate that it is an amended information. Matters not shown in the record before the court will not be considered.

■ While not listed in his assignment of errors, defendant complains that the state made statements and introduced evidence that tended to show that defendant was also guilty of second degree manslaughter. There is no question but that a part of the evidence introduced as to the proof of the accident and personal injury, which resulted in the death of Mrs. Hartshorne, was a part of the res gestae of the crime charged— that of leaving the scene of an accident, personal injury, and was a necessary element of the proof. Hall v. State, 80 Okl.Cr. 310, 159 P.2d 283.

In his brief the defendant sets out two assignments of error. The first is: "That the defendant was denied his constitutional right to a fair trial in not being able to waive the second stage proceeding of the trial as laid down in Harris v. State [Okl. Cr.], 369 P.2d 187, and to voir dire prospective jurors on the charge of 'after former conviction of a felony', better known as the 'habitual criminal statute' ".

Defendant then cites, and purports to quote from the case of Tanner v. State, Okl. Cr., 381 P.2d 888, as follows: "A constitutional right is largely for the benefit of the accused or in the nature of a personal privilege and may be waived by accused."

■ This quotation was taken from a paragraph of the West Publishing Company syllabus, and is misquoted. That syllabus reads:

"A constitutional right WHICH is largely for the benefit of accused or in the nature of a personal privilege may be waived by accused." [Emphasis supplied]

The court in the body of the opinion stated:

"It is the well-established doctrine of this State that where a constitutional right in a criminal cause is largely for

the benefit of the accused, or in the nature of a personal privilege, the accused may waive such right."

Surely counsel would not argue that the second or subsequent offense statute was enacted largely for the benefit of an accused.

■ We are of the opinion that the court did not err in refusing to permit this defendant to waive the second stage of the proceedings of the trial, as laid down in Tit. 22 O.S.A. § 860, and in Harris v. State, supra; and by the same token that the court did not err in refusing to permit the attorney for defendant to voir dire prospective jurors on the charge of "after former conviction of a felony".

The very basis and reason for the enactment of 22 O.S.A. § 860 was that a jury should determine the issue of the present charge against a defendant, before being informed of the fact that defendant had been previously convicted of a felony.

Defendant's "Point No. 2" is: "The court erred in permitting the State to offer irrelevant and prejudicial testimony and argument, tending to show the commission of another crime by the defendant, and which in fact, did prejudice the substantial rights of this defendant."

Defendant quotes the statutes under which the defendant was charged, both as to the driver of a vehicle involved in an accident resulting in injury or death of any person (47 O.S.A. § 10–102); and the second or subsequent offense statute (21 O.S.A. § 51).

The attorney for this defendant in his opening statement to the jury admitted that "technically, he is guilty of leaving the scene of an accident".

Defendant on direct examination testified:

"I was going south on Main Street. I don't know exactly the time, but it was around 9:00. And as I was approaching the intersection, the light was green; and just as I entered the intersection, it had—just as I had entered, it turned yellow. I was watching the

light, and there was a lady crossing the street; and before I had had a chance to apply my brakes, I had hit her.

"Q Had you speeded up to go on through the intersection when it turned yellow? A Yes.

"Q And then what happened? A I—didn't have a chance to quickly react fast enough to swerve and miss her or apply my brakes. I had already hit her. She—she landed partially on the hood, and I didn't want to stop quick because I was afraid I'd throw her off and run over her. So I tried to stop as quickly as I could, but—as slow as I could to keep from throwing her off. And when I did stop, well, she crumbled in a heap in front of the car and I didn't see her. I panicked then."

Defendant testified that he drove several blocks on south, then turned and returned to the scene. An ambulance that had been in the neighborhood was at the scene and they were loading to victim when defendant reached the scene of the accident again, and he drove on. He drove several miles out of town, and had turned, and testified that he was returning to report the accident when he met a highway patrolman, who accompanied him back to town.

Defendant also admitted that he had previously been convicted of a felony. Counsel complains that the county attorney was permitted to go into great detail to prove each allegation, and cites the case of Bald Eagle v. State, Okl.Cr., 355 P.2d 1015 in support of this contention.

The only questions asked defendant by the State in the first stage of the trial on the subject of former conviction, were:

"Q (County Attorney): Let me ask you this, Elmer, have you ever been convicted of a crime punishable under the laws of the state of Oklahoma? A Yes, I was.

"Q And when was that? A That was back in '58.

"Q And where was that, Elmer? A In Latimer County.

"Q And what was that for? A That was for second degree rape.

"Q Have you been convicted of any other crimes punishable under the laws of the state of Oklahoma or of any State? A No.

"Q You have been convicted of only one charge? A Well, it was of three counts.

"Q I see. Elmer, let me ask you this: How long have you been driving an automobile?"

The only evidence introduced on the second phase of the trial was the informations and judgments and sentences in the three cases in the district court of Latimer County; and the testimony of a former deputy sheriff of Latimer County that the defendant was the same person as the one convicted in Latimer County, to all of which the defendant objected.

■ We are of the opinion that there was no error in the admissions here complained of.

■ Defendant contends that the judgment and sentence was excessive. For the crime charged—leaving the scene of an accident, personal injury,—the statute provides that the punishment shall be not less than ten days nor more than one year, or by a fine of not less than $50, nor more than $1,000; or by both such fine and imprisonment (47 O.S.A. § 10–102); and that a person convicted of a subsequent offense under the conditions here involved is punishable by imprisonment in the penitentiary for a term of not exceeding ten years (21 O.S.A. § 51). Defendant was sentenced to serve eighteen months in the state penitentiary, which, in our opinion, was not unreasonable or excessive under the facts herein set out.

For the reasons stated, the judgment and sentence of the district court of Tulsa County is affirmed.

BUSSEY, P. J., and NIX, J., concur.