Eugene WHATLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16383.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Eugene Whatley, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Robbery with Firearms, After Former Conviction of a Felony; his punishment was fixed at fifty years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on January 10, 1970, Frank Bean was employed as a collector for an insurance company and had the occasion to be at a tavern late that night . A woman in the tavern asked him to take her and other persons to another bar. He dropped the other persons off at a bar on 36th Street and took the woman to a tavern on 23rd Street. He testified that he entered the tavern with the Negro woman and attempted to order a beer. A person whom he identified as the defendant, told him to go outside and that he would bring him the beer. The defendant followed him to his car and stuck a gun in his ribs. They got into Bean's car and the defendant, at gunpoint, felt in his pocket, got some change and threw it on the floor. The defendant then took his billfold, took the money estimated at approximately $30.00, and threw the billfold on the floor. He advised Bean that he had better go home. Bean left the scene and observed a police unit in the next block. He informed the officers what happened and they returned to the tavern. The defendant was found slumped down in an automobile outside the tavern.

Officer Wreath testified that he was patrolling the area when Bean intercepted him and reported what happened. They followed Bean one block to the tavern wherein the defendant was arrested in a car. A .38 caliber revolver was observed sticking out from under the passenger side of the defendant's vehicle. The defendant was searched and $19.00 was found on his person. He advised him of his *Miranda* rights and the defendant stated that he was not worried because Bean would not testify against him because he had been "over there trying to get him a colored girl and he wouldn't show up in court." (T 35). They were approached by a young intoxicated colored girl who asked about the arrest and why they did not arrest three others near the club because, "They're involved in it too." (T 33). Bean told the officers that only the defendant was involved, and the girl left.

Officer Woodall was riding with Officer Wreath and testified substantially to the same events.

Willie Ray testified for the defense that he observed Bean drinking with a colored girl named Phyllis, in the club.

The defendant testified that Phyllis introduced Bean to him in the club. Bean gave her his last three dollars to buy a bottle. Phyllis asked him to take her home and he was waiting in his car for her when the officers arrested him. He testified that the gun belonged to Babe Montford who had been in his car earlier that day and had left it without his knowledge. The $19.00 was his money. He denied making the statement that Bean wouldn't testify because of his involvement with a Negro girl and denied robbing Bean. He admitted four previous felony convictions, including two for robbery.

Phyllis Chiles testified that she met Bean at a club on 4th Street and he took her to the club on 23rd Street. She introduced the defendant to Bean and the three drank together from a bottle she purchased with money given her by Bean. Bean tried to persuade her to go to a motel with him and when she refused, he became angry and left. She asked the defendant to take her home and when she went outside the club she saw the police at his car. She asked what was wrong and was advised that she should leave or they would arrest

her. She admitted that she had been drinking heavily.

The parties stipulated to the former conviction.

The defendant's first proposition asserts that the trial court erred in submitting the issue of guilt and punishment in a one-stage proceeding. Both case law, Harris v. State, Okl.Cr., 369 P.2d 187 and 22 O.S. § 860 require that in such cases the sole issue of guilt on the substantive offense be first determined, then in a second stage, the issue of former conviction and punishment be determined.

In the instant case the defendant did not request a two-stage proceeding, nor did he object when the trial court announced the decision to have a one-stage proceeding. The record reveals that the defendant, through his attorney, aided the court in eliminating the second stage of the proceedings by recalling the defendant and verifying that he had been represented by counsel at the former conviction. This question was not presented in the Motion for New Trial and is raised for the first time on appeal. This Court has previously held that a defendant may waive a constitutional right. Carney v. State, Okl.Cr., 406 P.2d 1003. We are of the opinion that although the defendant had the right to a two-stage proceeding, his failure to object to the court's actions in conducting a one-stage proceeding for the first time at the appellate level, is too late.

The defendant's final proposition contends that the court erred in admitting accusatory hearsay evidence. Officers Wreath and Woodall testified to statements made by Phyllis Chiles in the presence of the defendant to the effect of why didn't they arrest the others, they're involved in it too. The record does not reflect that the defendant objected either time this testimony was offered. This Court has previously held that where the record does not show that the defendant objected or excepted to the admission of certain evidence complained of, his assignment of error is not reviewable because

not properly preserved. Young v. State, Okl.Cr., 373 P.2d 273.

In conclusion we observe that the record is free of any error which would justify reversal or modification, the punishment is within the range provided by law and under such circumstances we are of the opinion that the judgment and sentence should be, and the same is, affirmed.

NIX and BRETT, JJ., concur.