Donald D. **WILMETH**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–350.

Court of Criminal Appeals of Oklahoma.

March 20, 1974.

Valdhe F. Pitman, Oklahoma City, for appellant.

John L. Clifton, Dist. Atty., Stephen C. Lewis, Asst. Dist. Atty., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Donald D. Wilmeth, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, for the offense of Burglary Second Degree, After Former Conviction of A felony. His punishment was fixed at ten (10) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

The relevant facts, briefly stated, reveal that at approximately 10:30 on the evening of November 6, 1972, defendant and one Ricky Don Bryant were apprehended by the police in the Pick-Um-Quick Grocery Store in Shawnee. The store had closed at approximately 6:00. The glass in the front door was broken out, several bags of groceries were sacked up on the counter, the shelves were in disarray and the sum of five or six dollars was missing from the cash register. On direct examination defendant admitted that he was guilty of the charge and that he had previously been convicted of felonies.

Defendant submits three propositions of error. Two concern the bifurcated procedure for prosecution of second or subsequent offenders established by 22 O.S. § 860 and the well known case of Harris v. State, Okl.Cr., 369 P.2d 187 (1962).

The first proposition is that the trial court erred in overruling defendant's motion to waive the second stage of the proceeding as set forth in 22 O.S. § 860. Defendant contends that the denial of his motion deprived him of his rights to a fair trial and that he was unable to voir dire the jurors on the effect of previous convictions.

Defendant acknowledges that Carney v. State, Okl.Cr., 406 P.2d 1003 (1965), wherein we held that it was not error for the trial court to refuse defendant's motion to waive the second stage of the proceeding, is controlling on this issue. In support of his argument, defendant cites the cases of Rapp v. State, Okl.Cr., 413 P.2d 915, (1966), and Foote v. Page, Okl.Cr., 415 P. 2d 182 (1966). However, those cases are not on point as they concern other rights which were held waived by defendants and who failed to assert them. We considered and rejected a similar argument in Carney v. State, supra, and we are not persuaded by defendant's arguments here.

Further, it is obvious in reviewing the transcript that the defendant gave up those protections granted him by the statutory dual stage procedure and secured for him by the trial court. From the start of the defendant's case in chief, the jury was repeatedly advised by trial counsel and the defendant that defendant was guilty of the present offense and that he had previously been convicted of felonies. The defendant, having proceeded as if his motion were granted, suffered no prejudice by its denial.

The trial court's ruling adhered to the guidelines of 22 O.S. § 860 and our ruling in Carney v. State, supra. We are of the opinion that no error was committed by overruling defendant's motion and refusing to permit voir dire of the jurors as to the charge of "after former conviction of a felony."

Defendant's second proposition is that the trial court erred by allowing the state

to cross examine the defendant concerning representation by counsel on his previous convictions without offering proof of such representation immediately subsequent to defendant's denial.

On direct examination during the first stage of trial, while testifying about his previous convictions, the defendant admitted having had counsel. However, he denied that counsel was present when he was sentenced.

The district attorney cross-examined him as to the fact of representation. Defendant contends that as the State did not introduce the judgment and sentence instruments which reflected presence of counsel until the second stage of trial, the State should have been bound by defendant's denial.

The invalidity of convictions obtained without benefit of counsel or competent waiver, and the resultant inadmissibility of such convictions to support either present guilt or enhanced punishment have been upheld by this court. See, Tucker v. State, Okl.Cr., 499 P.2d 458 (1972).

■ Representation or waiver may not be presumed from a silent record and the state has the burden of showing by competent evidence that the accused was represented by counsel or waived when he sustained the prior conviction. Chester v. State, Okl.Cr., 485 P.2d 1065 (1971). When competent evidence comes for the first time from the Attorney General on an appeal the State has met its burden and the record is not silent. Tucker v. State, supra.

■ We are of the opinion that the judgment and sentence instruments showing presence of counsel were properly introduced at the second stage of trial as per 22 O.S. § 860(b) and therefore, find no error in this regard.

■ Lastly, defendant proposes that slight variations in the spelling of his name contained on the various judgment and sentence instruments (Wilmoth and Wilmeth) presented insufficient identity of defendant under Baker v. State, Okl.Cr., 432 P.2d 935 (1967). This issue was raised for the first time in defendant's brief and is not properly before this court. However, we have considered it and find the contention without merit. The defendant admitted and testified about these convictions, thereby erasing the need for further identification.

It is therefore our opinion that the judgment and sentence appealed from should be, and same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concurs.