Donald Eugene JONES et al., Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–73–460.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1974.

Rehearing Denied Oct. 21, 1974.

Prudence M. Little, Little, Little, Little & Windel, Madill, for appellants.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James D. Bednar, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Carter County, Case No. CRF–73–140, appellants Donald Eugene Jones, Donald Keith Lee and Jerry Joe Scott, hereinafter referred to as defendants Jones, Lee and Scott, were charged, tried and convicted for the offense of First Degree Rape. There punishments were fixed at seventy (70) years, forty-five (45) years and twenty-three (23) years respectively. From said judgments and sentences they have perfected their timely consolidated appeal to this Court.

The evidence adduced at trial from the prosecutrix, Pamela Gaylene Cecil, reveals that at the time of the alleged offense she was a divorcee 22 years of age and the mother of a ten month old child. During the early morning hours of July 15, 1973, after returning from a local skating rink, she found her roommate sister was not home. She seated herself outside the house on her car and waited for her sister to arrive and unlock the door. While she was waiting for her sister the defendants drove past the front of her house in a light colored four door Ford. Defendants circled the block and returned, stopped, and engaged in a conversation with her. She informed them that her sister had locked her out of the house and she could not get in until she returned. They told her they would drive her to the Parkview Club apparently for the purpose of finding her sister. Defendant Jones and the prosecutrix walked to the door of the club, observed the occupants and determined her sister was not present. Thereafter, the three defendants and the prosecutrix seated themselves inside the car with Scott driving the vehicle. Scott drove to Lake Murray Road and turned at Springdale Road. Prosecutrix requested they return her to her home but the trio refused. As they drove Jones, while seated next to prosecutrix in the back seat of the vehicle, fumbled with the prosecutrix' clothing and placed his hands upon the private parts of her body. The prosecutrix testified she resisted these acts. Thereafter, the car was stopped and the defendants rolled up the windows. Jones began removing her clothing, the prosecutrix continued resisting and defendant Lee came to the aid of Jones and her clothing was removed. She continued her resistance with Jones striking her on the forehead. The prosecutrix testified all three defendants completed acts of sexual intercourse with her. Following this incident they asked her what she was going to do about it and she replied, "wait and see, you will find out tomorrow.", (Tr. 20) Following this statement Jones began choking her until she lost consciousness. As she regained consciousness she overheard Lee and Scott talking to Jones stating

" . . . they didn't want to get hung on a murder rap, said rape is one thing, but murder was different." (Tr. 21) Jones told her that if she informed the police of the incident "something would happen to my daughter." (Tr. 22) Thereafter they returned her to her home and again threatened to kill her daughter if she reported the incident. Finally, she testified that she reported the incident on the following evening. The prosecutrix admitted being a complaining witness for a previous alleged rape involving other persons.

Mary Carlotta Hargis testified she was the sister and roommate of the prosecutrix. On the evening following the incident the prosecutrix informed her of the above incident. As she related the details of the occurrence she became upset and began crying. Hargis further stated she observed bruises and scratches on the prosecutrix' throat and after the discussion encouraged her to report the incident to the police.

Lloyd Booth testified that on July 15, between 4:00 and 6:00 p. m. he interviewed the prosecutrix. She related the details of the occurrence and gave a description of the defendants.

Merle Salthouse, Deputy Sheriff of Carter County, testified the prosecutrix directed him to and showed him the place where the incident occurred. He determined that this place was within the boundaries of Carter County.

Dr. Lloyd Long, practicing physician in the specialty of obstetrics and gynecology, testified that physical examination of the prosecutrix revealed mild tenderness in the genital area, an indication she had recently had sexual intercourse. Further, he stated that no spermatozoa were found in the vaginal area. However, at the time of the examination the prosecutrix was concluding her menstrual period. He related this could be a reason for the absence of spermatozoa. Further, he testified he observed bruises and scratches on prosecutrix' throat at the time of examination.

Thereafter, the State rested.

For the defense, defendant Donald Eugene Jones testified that on the above mentioned date they drove past the prosecutrix' home and observed her seated on her car. They asked her if she wanted a ride and she replied she did. They picked her up, drove to the Parkview Club to purchase some beer, drove to Springdale Road and then to the country. The prosecutrix removed her own clothing and voluntarily engaged in sexual intercourse with each defendant. Jones testified that no threats were made to prosecutrix and finally, in response to a question propounded by defense counsel, Jones admitted he was on a deferred sentence for another offense.

Defendants Lee and Scott testified relating basically the same defense and admitted prior convictions for other offenses.

Delbert Stephen Shockley testified regarding the prosecutrix' character relating she was a party girl.

Doug Wells, manager of the Parkview Club, testified that on the date in question he saw defendant Jones at the door of the club but did not see the prosecutrix.

Richard Pelton testified substantially the same as Wells.

Billie Watkins testified that on the date in question he observed the prosecutrix in a car at the Parkview Club.

Ray Drain testified on behalf of the defense regarding the Carter County line boundaries.

Defendant Jones was recalled and in front of the jury defense counsel asked if Jones took a lie detector test. The prosecutor objected to the question and after an in camera hearing, the question was withdrawn by defense counsel with the jury admonished to disregard the question.

Thereafter, the defense rested.

■ Defense counsel argues in his first proposition that the trial court erred in conducting a one state proceeding on a felony alleged with former convictions as to defendants Jones and Lee. To clarify the record in reference to this proposition and related propositions, this Court after this

appeal was lodged, ordered and directed the trial court to conduct an evidentiary hearing, which was done and transcript of which has been filed herein and considered by the Court.

From the very beginning of the trial defense counsel made known to the jurors that defendants Jones and Lee had prior convictions. He told the prospective jurors that on voir dire. When Jones and Lee testified in their own defense, each on direct examination by defense counsel answered that he had previously been convicted of a felony (page 15, Evidentiary Hearing Transcript and pages 50 and 59, Trial Transcript). This Court has previously held that it is within the trial court's discretion to allow defendant to waive bifurcated proceedings and try in one stage an offense charged after former convictions of a felony. Wilmeth v. State, Okl.Cr., 520 P.2d 699 (1974). We note that defense counsel has submitted the case of Carney v. State, Okl.Cr., 406 P.2d 1003 (1965) suggesting the language in that case holds that a second stage of trial proceedings cannot be waived. It has been this Court's past construction of 22 O.S.1971, § 860, that within the sound discretion of the trial court such a procedure may be waived by defense counsel. Considering the fact that it was instrumental to the defense for defendants to testify in their own behalf controverting certain portions of the testimony of the prosecutrix, we find the trial court did not abuse its discretion in permitting a waiver in light of the fact two defendants had prior convictions which were admissible on cross-examination and defendants consequently were not prejudiced by such a waiver. Therefore, we find this proposition to be without merit.

■ Defense counsel next argues the jury was not properly instructed on punishment as it was within their province to determine whether or not Jones and Lee were guilty as second or subsequent offenders or guilty only of the primary offense. The trial court in its instructions submitted only the enhanced punishment range provided for the offenders as subsequent offenders. We note in this regard that Jones and Lee confessed their prior convictions. It is a limited exception in this regard that when defense counsel stipulates that former convictions are defendant's convictions, or when defendant under oath confesses the former convictions, there is no question of fact, within the jury's province, of whether defendant is guilty for the primary offense or the offense charged with former convictions. See White v. State, Okl.Cr., 520 P.2d 368 (1974). Defendants Jones and Lee both confessed prior convictions. Their confession of these convictions suspended the requirement of the trial court alternatively instructing the jury on the punishment upon the primary offense. For this reason we find this proposition to be without merit.

■ Defense counsel next argues the court misinstructed the jury in its instruction number six. We have studied this instruction in conjunction with the court's instruction number three and find that although the language within this instruction leaves something to be desired, the jury's reading of this instruction in conjunction with instruction number three would be sufficient properly to apprise them of the law regarding the guilt or innocence and punishment of each separate defendant. We observe the defense counsel submits no authority in support of the arguments presented under this proposition. It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and citations of authority. Where this is not done, and it is apparent that defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. Sandefur v. State, Okl. Cr., 461 P.2d 954 (1969). We observe no fundamental violation in the purported errors presented in defendants' third proposition of error and for this reason find this proposition of error to be without merit.

Defense counsel next argues no adequate and compehent evidence was introduced to prove the fact of prior convictions and that there was no competent evidence that defendants were represented by counsel or competently waived counsel and said prior convictions. We note that the proof at the trial produced on direct and cross-examination of defendants was sufficient to submit the enhanced minimum punishment instruction to the jury. We further observe that upon a motion of the Attorney General under authority of Tucker v. State, Okl.Cr., 499 P.2d 458 (1972), the Assistant Attorney General requested supplementation of the record with the judgment and sentence of former convictions. At a subsequent evidentiary hearing ordered by this Court in response to the above request, additional proof of the validity of the former judgments and sentences was introduced. This hearing shows the judgments and sentences conform with the requirements set forth in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The record before us supports the conclusion the judgments and sentences of prior convictions were properly used as a basis for enhancing punishment. We note further that the discussion of the prior specific acts that counsel alleges to be improper cross-examination of defendant were never objected to by defense counsel. We find these not to be fundamentally erroneous and consequently not a basis for reversal of this conviction. For this reason we find this proposition to be without merit.

Defense counsel's fifth proposition is adequately answered in the supplemental evidentiary hearing made a part of this record. For this reason the question is moot and needs no further discussion in this opinion.

Next argued by defense counsel is the assignment of error; that the trial court erred in not granting a severance with each defendant tried separately. We need not discuss this proposition in detail as trial proceedings were initiated in this case without request for severance from the defense. It is this Court's opinion that it must always be the rule that severance must be requested by defense counsel with counsel apprising the trial court of circumstances which may develop which might prejudice other co-defendants. Without such information a judge cannot be presumed to know or can it be considered to appear that prejudice will result from the joinder. It is settled in this jurisdiction that even when a motion for severance is presented to the trial court defendant has the burden of presenting evidence in argument to the trial court to show how he would be prejudiced by the joinder of defendants. See Winningham v. State, Okl.Cr., 488 P.2d 609 (1971). In the instant case the record was not properly preserved to raise this assignment of error on appeal. We find that under the instant circumstances the trial court cannot be considered to have abused its discretion in not upon its own motion granting a severance.

Defense counsel next urges that the trial court erred in refusing to allow defendant Jones to testify concerning his polygraph examination in view of the stipulation signed by the State and defense attorney which in substance concluded that no objection to the admissibility would be made by the State or defense. We do not find an error in the trial court's exercise of its discretion in not admitting said evidence. Stipulations entered by both State and defense can only constitute a stipulation there will be no objection by counsel to the admissibility of the evidence. The trial court still has final authority in the determination of what will be admitted into evidence at the trial. It is a well settled rule in this jurisdiction that the results of a polygraph examination are inadmissible for any purpose. See Vetter v. State, Okl.Cr., 506 P.2d 1400 (1973). However, they may be admitted upon stipulation of both counsel. See Castleberry v. State, Okl.Cr., 522 P.2d 257 (1974). In the instant case, as previously mentioned, the

stipulations constituted in substance only a stipulation not to object to the admissibility as counsel cannot stipulate to a final determination of what the trial court will admit into evidence. It therefore is within the discretion of the trial court to admit such evidence and we find this discretion was not abused as the record clearly reflects it would be prejudicial to the co-defendants should said results have been admitted and further we note that no prejudice could inure to defendant Jones as the record reflects from an in camera hearing that the tests results were not in Jones' favor. (Tr. 88) We therefore conclude that this proposition is wholly without merit.

■ Defense counsel next argues defendants Lee and Scott were prejudiced by an improper question propounded by defense counsel. That question in the direct examination of defendant Jones on page 85 of the transcript reads as follows:

"Q. One thing I overrlooked (sic). You requested a lie detector test, did you not?

"A. Yes, I did.

"MR. WORTHEN: May we approach the bench, Your Honor?"

Although an answer was never given to the question and is not a part of the evidence in the record of this case, the above question was propounded in the jury's presence. Following the defense counsel's withdrawal of said question after the court ruled that such evidence was inadmissible the court admonished the jury as follows:

THE COURT: All right, the jury will be admonished to disregard the question, and if the court recalls, there had been no answer given, but if there was any answer in the minds of any juror, disregard whatever response or answer there was to the question. All right, did you want to recall the witness for any purpose?" (Tr. 89-90)

We find the court's admonition of the jury sufficient to cure the error created by the erroneous question. This proposition is therefore without merit.

■ Defense counsel's propositions nine and ten argue cross-examination of all three defendants contained improper questions by the prosecutor. We agree with defense counsel, however, counsel did not propound one objection regarding the propriety of the form or substance of any of the questions complained of. We therefore find this question is not properly before this Court and consequently the defense waived this assignment of error on appeal. Considering the entire record we find this proposition to be without merit.

■ Defense contends further that the trial court erred in appointing only one lawyer to represent all three defendants. In the case of Fugett v. State, Okl.Cr., 461 P.2d 1002 (1969), this Court held that if circumstances compel a single defense counsel for several defendants to elect a particular defendant to represent and render his representation of other defendants to be ineffective it is error for the trial court not to appoint an individual attorney to represent each individual co-defendant. However, this case does not fall within Fugett, supra. The defense presented by the defendants was a consistent defense with all three defendants testifying substantially the same. None of the defendants denied the offense nor did they inculpate their counterparts. For this reason we find that the fact that one attorney represented all three defendants did not deny them effective assistance of counsel. It is further urged that the eliciting of the question mentioned in the earlier proposition regarding the polygraph test and defendant Jones constituted an election of which defendant to represent. The manner of the court's handling of said question negated any possibility of defendants Lee and Scott not being effectively represented. For this reason we find this proposition to be without merit.

■ Defense counsel also argues that the defendants were represented by inadequate, incompetent and ineffective trial counsel. We have studied the entire record and find that the record does not

support such an allegation as the law in this state requires the representation of counsel make the proceedings against the defendants a farce and mockery of justice, shocking the conscience of the Court. See Goodwin v. Page, Okl.Cr., 444 P.2d 833 (1968). We find the record not in support of such representation in the instant case and therefore this proposition is without merit.

Defense counsel further argues the evidence does not support defendants were tried in Carter County and for this reason proper venue was not established. We note that both the State and defense presented witnesses regarding this question. The State's witness on this issue indicated the prosecutrix directed Merle Salthouse to the place where the alleged rape occurred. Salthouse testified that the location was within the Carter County boundaries. Evidence on the part of the defense attempted to controvert the location where the alleged rape occurred. We find this controversy is within the province of the trial court and the jury. There is sufficient evidence within the record to indicate the crime did occur in Carter County and venue was properly proved. For this reason we find this proposition to be without merit.

Defense counsel next urges the overwhelming weight of the evidence in support of the fact the prosecutrix voluntarily engaged in sexual intercourse with defendants. We disagree with this contention and find there is sufficient evidence within the record to submit this case to the jury for its determination of the defendants' guilt or innocence. Where there is a conflict in the evidence it is the exclusive province of the jury to weigh the evidence and ferret the truth and this Court will not invade the jury's province when the question of defendant's guilt or innocence is submitted to the jury upon a proper instruction. See Jones v. State, Okl.Cr., 468 P.2d 805 (1970). For this reason we find this proposition to be without merit.

Defense counsel finally argues punishment is excessive. In her third proposition she raises improper arguments of the prosecutor setting forth in detail improper statements made by the prosecutor during closing arguments. Those statements read as follows:

"Let's think about the defendants, what do they have to gain by *lying*? Nothing very much. Just their freedom.

\* \* \* \* \* \*

"Ladies and gentlemen, I contend to you that the state has proven beyond a reasonable doubt that these three men acted like animals on July 15, 1973 and they raped a young lady in this town and I'm not real sure what Mr. Lee meant when he said they'd done it before in regard to the three of them taking a girl out and having intercourse with them. *Did he mean that they had taken another girl out before . . . taken another girl out and raped another girl before sometime and she hadn't turned it in?* Ladies and gentlemen, they have acted like animals. They have conducted themselves totally like animals and they deserved to be locked up and put away from society so that they will never be back in society again. It could have been your daughter. They are the ones on trial today, not Mrs. Cecil."

It is this Court's opinion that the above statements are fundamentally erroneous. See Dupree v. State, Okl.Cr., 514 P.2d 425 (1973). Consequently, we find defendants Jones' and Lee's punishment should be modified to a term of twenty-five (25) years and defendant Scott's punishment should be modified to a term of ten (10) years.

As so modified, the judgments and sentences are affirmed.

BUSSEY, J., concurs.