**Benjamin Henry ROCK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–265.**

Court of Criminal Appeals of Oklahoma.

July 14, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Benjamin Henry Rock, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–3464, for the offense of Burglary, Second Degree, in violation of 21 O.S.1971, § 1435. His punishment was fixed by jury at a term of three (3) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

George W. Marlatt, Jr. testified he was employed as the assistant manager of Eckerd Drug, at 2103 Britton Road in Oklahoma County, and was so employed on the 12th day of October, 1974. He stated his duties included closing the business in the evening and that on the evening of the 12th of October, at approximately 9:00 p. m., he locked all the doors into the establishment, leaving three interior lights on and activating the silent burglary alarm. He related that the front door to the establishment was glass of the double door type which locked by dead bolt at the center. He lastly testified that the next morning he saw the door had been damaged at the bolt and as such it was not operable. Lat-

er, upon being recalled by the State, he testified that drawers behind the pharmacy counter were closed when he closed the store the evening of October 12, and he did not leave the small refrigerator door open which was also located behind the pharmacy counter.

Phil Olive testified he was employed by the Village Police Department and that he was so employed on the 12th day of October, 1974, when he received a call at 11:29 p. m. relayed from the Honeywell Alarm Company that the Eckerd Drug alarm had been activated. He stated he was within one block of the store and that he arrived there within a few seconds. He testified that upon arrival he saw the front door was ajar with the bolt protruding in its locked position but outside the door instead of inside it. He also stated that Officer Holmes, of the Village Police Department, arrived a few seconds later. He stated that thereafter, upon looking inside, he observed a person in the rear of the store who appeared to be looking at shelf merchandise and in drawers in the pharmacy section. He and the assisting officer arrested the individual, who he then identified in court as the defendant. His investigation of the store revealed the drawers to be open in the pharmacy section and a small refrigerator door, also in the pharmacy section, was open.

David Holmes testified that he was employed by the Village Police Department and was so employed on the 12th day of October, 1974, at which time he had occasion to respond to a call at 11:29 p. m. regarding the Eckerd Drug Store. He testified essentially to the same facts as did Officer Olive. He also observed a red Dodge pickup parked in front of the drugstore which he later determined to be owned by the defendant.

Defendant took the stand to testify in his own behalf. He stated he had lived in Oklahoma City only a couple of months and that on the night in question he had received his first paycheck and not being familiar with Oklahoma City, he decided to drive around the city. He stopped at the Eckerd Drug Store at approximately 10:30 p. m. to buy some cigarettes. He observed the lights to be on and he walked in the front door, opening it with one hand. He stated he saw no one inside the store and that he called out a few times but received no response. When no one appeared he started to leave but it occurred to him that someone might be hurt and he then began looking behind the back counter. The officers then arrived and arrested him.

The defendant's only assignment of error asserts that the prosecutor on cross-examination asked the defendant specific questions which constitute prejudicial and reversible error. The questions of which the defendant now complains are found in the trial transcript as follows:

"Q. This charge that you plead guilty to was Burglary in the Second, the same as this one, wasn't it? Burglary in the Second?

"A. Yes, sir.

"Q. Are you considered an addict?

"MR. OLIVER: Your Honor, I'm going to object to that question.

"THE COURT: Sustained.

"Q. Have you ever taken any narcotics?

"MR. OLIVER: Objection. May I approach the Bench?

"THE COURT: Yes, sir.

"(Whereupon, an off-the-record conference was held, outside the hearing of the jury.)

"MR. OLIVER: (Outside the hearing of the jury.) Your Honor, I want to move for a mistrial at this time. I think that is prejudicial to my client.

"(Whereupon, an off-the-record conference was held, outside the hearing of the jury.)

"MR. OLIVER: (Outside the hearing of the jury.) Comes now the defendant and moves for a mistrial upon the prejudicial question of the District Attorney, Mr. Geb. We feel it is prejudicial and

that an admonition to the jury would not be sufficient.

"THE COURT: Overruled. I don't think it's prejudicial. I sustained the objection." (Tr. 45-46)

The defendant argues that such asking of alleged incompetent questions to insinuate facts that cannot be proved, or to degrade the defendant or to force defense objections, constitutes reversible error or, in the alternative, grounds for modification of sentence.

In *Bohot v. State,* 89 Okl.Cr. 238, 206 P.2d 585 (1949), this Court observed the general rule of law, in the fourth paragraph of the Syllabus, that:

"Where immaterial questions are asked by the County Attorney on cross-examination of a defendant and the Court sustains objections thereto and instructs the jury not to consider the same, it is not necessary that a reversal of the case be had by reason of the asking of the immaterial questions. The court will consider the entire record to see if the substantial rights of the defendant have been prejudiced by the cross-examination of the defendant."

This holding was in line with this Court's prior decision in *Zewalk* v. *State,* 73 Okl. Cr. 223, 119 P.2d 874 (1941), wherein in the third paragraph of the Syllabus this Court enunciated the following rule that:

"Where objection is sustained to improper questions of the assistant county attorney, case will not be reversed where no prejudice was caused defendant."

The record reveals that the defense counsel's objection to the questions propounded to the defendant was sustained by the court and the defendant did not answer said questions. Assuming, but not finding, that said questions propounded to the defendant were improper, we feel that in light of the overwhelming evidence of guilt presented at trial and the fact that the defendant received but one year more than the minimum sentence which could have been imposed no prejudice resulted to the defendant as a result of said questions.

For the above stated reasons we find the defendant's assignment to be without merit.

In conclusion we observe the record to be free of any error which would justify modification or reversal. Judgment and sentence is, accordingly, affirmed.

BRETT, P. J., and BUSSEY, J., concur.