**Billy FULTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–335.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1975.

Rehearing Denied Oct. 30, 1975.

Phil Frazier, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Frank Muret, Asst. Atty. Gen., for appellee.

## OPINION

PER CURIAM:

Appellant, Billy Fulton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Okfuskee County, Case No. CRF–74–24, for the offense of Murder in the First Degree, in violation of 21 O.S.Supp.1974, § 701.1, ¶ 9. In accordance with the provisions of 21 O.S.Supp.1974, § 701.3, the defendant was thereafter sentenced to suffer death, and from said judgment and sentence a timely appeal has been perfected to this Court.

We deem it unnecessary to recite the facts inasmuch as the case must be reversed in light of the defendant's fourth assignment of error.

The defendant's fourth assignment of error asserts the trial court erred in permitting testimony concerning a polygraph examination of the State's witness Willie Paul Smith. We observe that the District Attorney first attempted to interject the results of a polygraph examination in the State's case in chief at which· time the defendant objected with said objection being sustained. However, the record reflects that later in the trial, during State's rebuttal evidence, extensive testimony concerning the giving of a polygraph examination and the results thereof was admitted into evidence over repeated objection by defendant. The defendant urges, and we agree, that this Court has repeatedly held that results of lie detector tests are not admissible, citing *Henderson v. State,* 94 Okl.Cr. 45, 230 P.2d 495 (1951); *Leeks v. State,* 95 Okl.Cr. 326, 245 P.2d 764 (1952); *Looper v. State,* Okl.Cr., 381 P.2d 1018 (1963); *Mullins v. Page,* Okl.Cr., 443 P.2d 773 (1968); and, *Vetter v. State,* Okl.Cr., 506 P.2d 1400 (1973).

■ In the situation where all parties in the cause stipulate to the admission of results of a polygraph examination, this Court has held that it is within the discretion of the trial court to admit such evidence. See, *Castleberry v. State,* Okl.Cr., 522 P.2d 257 (1974) and *Jones v. State,* Okl.Cr., 527 P.2d 169 (1974). However, in light of the potential unreliability of polygraph examinations at this time, we feel that in all future cases the introduction into evidence of polygraph examination results for any purpose, even if admitted upon stipulation of all parties, will be error. This holding departs from our previous decisions in *Castleberry, supra,* and *Jones, supra,* therefore, *Castleberry, supra,* and *Jones, supra,* and all other cases, are overruled insofar as they are inconsistent with the views expressed today. This Court elucidated in *Leeks v. State, supra,* speaking to the admission of results of lie detector tests, as follows:

"  .  .  .  the figures show the tests prove correct in their diagnosis in about 75% of the instances used. In other words it is pointed out therein such factors as mental tension, nervousness, psychological abnormalities, mental abnormalities, unresponsiveness in a lying or guilty subject account for 25% of the failures in the use of the lie detector. Hence the lie detector is not judicially recognized and it is error to project its results into a criminal case. It is therefore obvious that the prosecutor must meticulously guard against its injection into the state's case.  .  .  .  But, extreme caution should be invoked to exclude error of this kind in a capital case, where the life or death of the defendant is involved.  .  .  ." (245 P.2d at page 771)

■ In the instant case the defendant vigorously objected to the admission of testimony regarding the results of the lie detector test of Willie Paul Smith. We further note that the record reveals that Willie Paul Smith was a corroborating witness for the State and certainly the credibility of his testimony was an influencing factor in the jury's verdict. In light of the foregoing we find that the injection of the re-

sults of the lie detector test of Willie Paul Smith was highly prejudicial and substantially violated defendant's right to a fair and impartial trial and, thus, constitutes reversible error. See, Article II, § 20, of the Oklahoma Constitution.

For all the above and foregoing reasons the judgment and sentence herein imposed is, accordingly, reversed and remanded for a new trial.