Ronnie Lee PHIPPS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-228.

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1977.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Donnie G. Pope, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Ronnie Lee Phipps, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–76–1611, for the offense of Grand Larceny, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1701. After a bifurcated jury trial, his punishment was fixed at two (2) years' imprisonment. From this judgment and sentence a timely appeal has been filed.

The evidence may be summarized as follows. Mr. Gerald Cox was the first witness for the State. He testified he was the owner of the E. V. Cox Construction Company located in Oklahoma City. Behind the company's main office building there is a fenced area where materials are stored. Some materials are also stored on the land adjacent to the fenced area. Prior to April 1, 1976, there were two 18 foot steel I beams stored on the north side of, but not in, the fenced area. On April 1, 1976, the witness became aware that the beams were missing, and he therefore called the police. Mr. Cox did not know the defendant, and stated that no one had been given permission to remove the beams from his property. The value of the two beams was estimated to be $75.00.

The State's next witness was Mr. James Kirkpatrick, secretary-treasurer of the E. V. Cox Construction Company. On April 1, 1976, at about 2:00 p. m., the witness left his office, in the company office building, and walked toward the fenced area. There, he observed a red truck parked in the street. A man and a boy were loading the two steel I beams onto the back of the red truck. When they saw the witness looking at them the man got in the truck and drove away with the boy riding on the back of the truck. Mr. Kirkpatrick then identified the defendant as the man he had seen loading the steel beams onto the truck. The witness went on to state that nothing had obstructed his view of this event. He also remembered seeing the defendant previous to this incident, when the defendant had

been a member of a work party clearing trees on the same property.

The last witness for the State was Steven Upchurch. On the date of trial he had been an Oklahoma City police detective for about seven years. On April 22, 1976, he had a conversation with the defendant at the Oklahoma City jail. State's Exhibit No. 1 was identified by the witness as a standard form waiver of constitutional rights which the defendant signed in the witness' presence on April 22, 1976. After signing State's Exhibit No. 1 the defendant told Detective Upchurch that he had been in the area of the Cox Construction Company, cutting down trees about four months prior to the incident in question.

At this point the State rested. The trial judge then overruled the defendant's demurrer to the evidence.

Mr. David Phipps, the defendant's older brother was the first witness for the defense. He testified that he had been previously employed as a tree surgeon, and that he had performed tree cutting work at the Cox Construction Company. The witness identified Mr. Kirkpatrick as the company official who had paid him for this work. He further stated that the defendant had not accompanied him when he had cut down the trees. On cross-examination the witness admitted to prior felony convictions for burglary, unauthorized use of a motor vehicle, and concealing stolen property. He also admitted that on April 1, 1976, and at the time of the trial he was incarcerated in the State penitentiary, serving a sentence for attempted burglary.

The defendant's second witness was his father, Mr. George Phipps. He testified that on March 31, 1976, he, the defendant and defendant's wife left their home early in the morning and spent the entire day in the Pauls Valley area looking for a house. They did not return until late in the evening. The following day, April 1, 1976, the witness, along with the defendant and his wife, spent all day in Drumright, again looking at houses. They left about 7:30 a.m. and returned late in the evening. On

cross-examination, Mr. Phipps admitted to a prior grand larceny conviction, and also stated that he owned a red one ton truck.

Dorothy Phipps, defendant's wife, was the last witness for the defense. Her testimony generally corroborated that of George Phipps as to the defendant's whereabouts on March 31, 1976, and April 1, 1976.

For his first assignment of error the defendant alleges error in the closing instructions given by the court in that Instruction No. 6 failed to correctly state the essential elements which constitute grand larceny.

Instruction No. 6 reads as follows:

"The burden is on the State of Oklahoma to prove by believable evidence beyond a reasonable doubt to your unanimous satisfaction that:

"1. On or about April 1, 1976

"2. In Oklahoma County, Oklahoma,

"3. The defendant Ronnie Lee Phipps,

"4. Took the personal property of Gerald L. Cox without his consent

"5. By stealth or fraud,

"6. With the intent to deprive the rightful owner thereof

"7. That the property so taken was valued in excess of $20.00."

Although this instruction is in keeping with the specific language of the grand larceny statute, 21 O.S.1971, § 1701, the defendant claims error in that no instruction was given on the intent to deprive *permanently*. In Oklahoma, permanent intent to deprive is an essential element of any prosecution for grand larceny.[1] We note, however, that defense counsel failed to object to Instruction No. 6, nor did he submit any instructions of his own. Therefore he failed to properly preserve this issue for consideration on appeal. The case of *Moreau v. State,* Okl.Cr., 530 P.2d 1061, 1066 (1975), states that:

"[T]he record does not reveal that the defendant objected to the instructions, nor did he submit requested instructions to the court for consideration. We have consistently held that where counsel is not satisfied with instructions that are given, or desires the court to give any particular instruction, or to more definitely or sufficiently state any proposition embraced in the instructions, it is the duty of counsel to prepare and present to the court such desired instructions and to request that they be given. In the absence of such request, the Court of Criminal Appeals will not reverse the case if the instructions generally cover the subject matter of inquiry. . . . " (Citation omitted)

In reviewing Instruction No. 6, this Court is of the opinion that although the requirement of permanent deprivation is not set forth, the instruction generally covers the subject matter and therefore since no objection was interposed the omission does not warrant reversal.

The defendant as part of his first assignment of error also urges reversal because Instruction No. 6 fails to set forth asportation or carrying away as an essential requirement of Grand Larceny.[2]

Again we note that no objection was made by defense counsel at the time instructions were given, and therefore this issue has not been properly preserved for appellate review. For the reasons stated in *Moreau v. State,* supra, we hold the defendant's first assignment of error to be without merit.

The defendant's second assignment of error is that the trial court's instructions at the second stage of the bifurcated proceedings were improper in that they amounted to a directed verdict of guilty. The defendant stipulated to being convicted of the prior felony charged in the information. Then the trial court instructed the jury as to the range of punishment for the crime of Grand Larceny, After Former Conviction of a Felony. No instruction was

---

1. See, *Simmons v. State,* Okl.Cr., 549 P.2d 111 (1976).

2. See, *Cunningham v. District Court of Tulsa County,* Okl.Cr., 432 P.2d 992 (1967); and, *Hutchinson v. State,* Okl.Cr., 427 P.2d 112 (1967).

given which required the jury to make a finding of fact beyond a reasonable doubt that the defendant was the same person convicted of the prior felony. The defendant cites 22 O.S.1971, § 860(b), in support of his argument that failure to so instruct the jury constitutes an invasion of the jury's province and, therefore, requires reversal. The statute reads:

"If the verdict be guilty of the offense charged, that portion of the indictment or information relating to prior offenses shall be read to the jury and evidence of prior offenses shall be received. The court shall then instruct the jury on the law relating to second and subsequent offenses, and the jury shall then retire to determine (1) *the fact of former conviction,* and (2) the punishment, as in other cases." (Emphasis added)

The case of *Jones v. State,* Okl.Cr., 527 P.2d 169 (1974), involved a similar situation. There the defendants had stipulated to their former convictions. On appeal they alleged as error the court's failure to instruct the jury as to the alternate punishments for a first offense conviction as opposed to a conviction after prior felony convictions. This Court in *Jones v. State,* supra, at page 173 stated:

"Defense counsel next argues the jury was not properly instructed on punishment as it was within their province to determine whether or not Jones and Lee were guilty as second or subsequent offenders or guilty only of the primary offense. The trial court in its instructions submitted only the enhanced punishment range provided for the offenders as subsequent offenders. We note in this regard that Jones and Lee confessed their prior convictions. *It is a limited exception in this regard that when defense counsel stipulates that former convictions are defendant's convictions, or when defendant under oath confesses the former convictions, there is no question of fact, within the jury's province, of whether defendant is guilty for the primary offense or the offense charged with former convictions.* See *White v. State,* Okl.Cr., 520 P.2d 368 (1974). . . . " (Emphasis added)

Although the issue in the *Jones* case is technically different from the issue raised in this case, we think both situations are sufficiently analogous that *Jones* is controlling in each. For this reason we deem the defendant's second assignment of error to be without merit.

■ Defendant's third assignment of error is that the prosecutor should not have been allowed to go into details of certain prior convictions while questioning the witness David Phipps. We have carefully reviewed the testimony of the witness David Phipps, and can find no improper cross-examination by the prosecutor. No underlying details of any prior crimes were discussed, nor did the prosecutor ask any questions which would tend to make the jury consider the effect of a possible parole upon the sentence to be served. Therefore, the defendant's third assignment of error is without merit.

■ For his last assignment of error the defendant alleges that the prosecutor injected numerous improper questions into the proceedings which amounted to misconduct, and which require reversal. We cannot agree. The trial court sustained objections by defense counsel to all of these questions and admonished the jury to disregard them. The specific questions objected to occurred at pages 40, 51, 53, 54, 67 and 72 of the trial transcript. None of these questions concerned any issues which would be deemed fundamental error if they had not been stricken. Rather, it appears that these questions were irrelevant and did not result in prejudice to the defendant. We have previously held that where improper questions by a prosecutor are stricken the verdict will not be disturbed unless prejudice to the defendant actually occurred. *Rock v. State,* Okl.Cr., 538 P.2d 213 (1975). The defendant's last assignment of error is without merit.

Finding no error in this case the judgment and sentence is *AFFIRMED.*

CORNISH and BRETT, JJ., concur.