Gary Owens WEBB, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–4.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1988.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Gary Owens Webb, was convicted in the District Court of Comanche

County, Case No. CRF–85–280, of the crime Uttering a Forged Instrument, After Former Conviction of Two Felonies. He was sentenced to twenty-five (25) years imprisonment and brings this appeal.

The facts disclosed by the record reveal that on June 28, 1987, appellant entered a store in Lawton, Oklahoma and cashed a check made payable to the order of Douglas Atkinson. The owner of the account testified that the account had been closed for eight to ten years, that he had not written the check, and that he had not authorized anyone to sign his name to it. The store clerk who cashed the check identified appellant as the person who had presented the check to her. She had required appellant to produce identification with a picture, which appellant did. Appellant produced a driver's license bearing the name Douglas Atkinson and a picture of appellant. The clerk took a "regiscope photo" of both the check and appellant, and that photograph was admitted into evidence. Douglas Atkinson testified that his wallet and driver's license had been taken from his apartment in May, 1985, on a day when appellant had been there to visit him.

Through the testimony of jailer Robert Delbridge, the State introduced two driver's licenses found in appellant's possession at the time of his arrest. One license, which appeared to be significantly mutilated, bore the name Douglas Atkinson and a picture of appellant. The other bore appellant's name, but the picture had been cut off. On three occasions after his arrest, appellant confessed to the commission of the crime.

In his first assignment of error, appellant claims that he received ineffective assistance of counsel when counsel waived appellant's right to a bifurcated proceeding. The case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), set forth a two pronged test to determine whether a defendant received ineffective assistance at trial. First, a defendant must show that counsel's performance was deficient, and second, he must show a reasonable probability that, but for counsel's unprofessional errors, the outcome of the case would have been different. We have reviewed the record in this case and have recognized several questionable decisions by counsel, including the waiver of appellant's right to a bifurcated proceeding. However, "[i]t is to be remembered that trial counsel had the unenviable task of defending a man against whom the State had amassed a great deal of evidence." *Stafford v. State*, 669 P.2d 285, 296 (Okl.Cr.1983). Appellant has failed to show any reasonable probability that the result of the proceeding could have been different, and this assignment of error must fail.

In his second assignment, appellant claims that his Fifth and Sixth Amendment rights were violated. On July 5, 1985, appellant was arrested and read his *Miranda* rights. The arresting officer testified that appellant said "he was caught on the checks and that he wanted to make a deal." Appellant then requested counsel, and the questioning ceased. Appellant retained counsel to defend him, and on August 14, appellant and his attorney met with the District Attorney to discuss a plea bargain. In return for information concerning other crimes and other people, appellant was told that the State would ask for no more than ten years for appellant's plea of guilty. Appellant then gave a hand written statement to police after an officer read the *Miranda* warnings to him again. Appellant's counsel was with him at the time this statement was given. On August 16, appellant was taken to the police station so that a typed statement could be taken. Appellant's counsel was absent from this meeting.

The State sought to introduce a portion of the August 16, statement at trial, to which defense counsel objected. A hearing was then held in accordance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), to determine whether this confession had been given voluntarily. The trial court found that although no one formally read the *Miranda* warnings to appellant again on August 16, the officers had ascertained that appellant remembered and understood his rights, that appellant

had once again waived those rights, and that the State had made the necessary showing of voluntariness. The State was then permitted to elicit testimony concerning the portion of the statement relevant to this case.

We need not determine whether the trial court's finding was erroneous, since

[i]t is well established that the admission of statements obtained in violation of *Miranda* may be said to constitute harmless error ... [I]n determining whether the harmless error rule is applicable, we must determine whether, absent the unconstitutional defect, the evidence remains not only sufficient to support the verdict but so overwhelming as to establish the guilt of the accused beyond a reasonable doubt.

*Coleman v. State,* 668 P.2d 1126, 1132 (Okl.Cr.1983). (Citations omitted.) The evidence of appellant's guilt was overwhelming even without considering any of the confessions. We find that any error that might have occurred was clearly harmless, and this assignment, too, must fail.

Finally, appellant seeks reversal due to alleged evidentiary harpoons thrust into the record by one of the officers present when the statements were taken. Counsel objected to only one of these allegedly improper remarks. "It is well settled that unless objection is made to evidentiary harpoons any errors are waived and cannot be raised for the first time on appeal." *Bruner v. State,* 612 P.2d 1375, 1378 (Okl.Cr. 1980).

The other remark, which alluded to other forged checks appellant had been involved with, does not constitute an evidentiary harpoon. We do not find that the remark was willfully jabbed, nor that it was calculated to prejudice the appellant. Moreover, "due to the overwhelming evidence of guilt it did not, in fact, prejudice the appellant." *Bruner v. State, supra,* at 1379. This assignment is without merit, and must fail.

Finding no basis for reversal or modification, the judgment and sentence of the District Court of Comanche County is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

While I agree defense counsel's waiver of a bifurcated proceeding did not constitute ineffective assistance of counsel, I would point out that 22 O.S. 1981, § 860 has been interpreted to allow defense counsel to waive the mandated bifurcated procedure within the sound discretion of the trial judge. *Jones v. State,* 527 P.2d 169, 173 (Okla.Crim.App.1974). Appellant has not shown an abuse of discretion and, thus, I concur in the affirmance of his conviction.